## GOODWIN vs. ANDERSON ET AL.

A judgment by attachment, before a justice of the peace, without personal service of process upon the defendant, or appearance, is a judgment *in rem;* and cannot be transferred to the office of the clerk of the Circuit Court, for the purpose of constituting a lien upon the realty of the debtor, or of being satisfied by execution or garnishment, out of property or effects, other than the goods attached.

*Appeal from the Circuit Court of Union County.*

The Hon. THOMAS HUBBARD, Circuit Judge.

WATSON, for the appellant.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

It appears from the transcript in this case, that Anderson & Coulter brought suit, by attachment, before a justice of the peace

of Union county, upon an account against one Gosney, and the constable returned the writ of attachment not found, as to Gosney, but levied upon a trunk, three pair of pants, a coat, inkstand, American Form-book, and the life of John Randolph, as the goods and chattels of the absent debtor. That after posting up notices, as prescribed by law, judgment was finally rendered by the justice against Gosney, on default of appearance, for $30 75, and for costs. That execution was issued upon the judgment, and returned with a credit of $5 endorsed. That Anderson & Coulter afterwards filed a transcript in the office of the clerk of the Circuit Court of Union county, and caused to be issued thereon a writ of garnishment against Goodwin, returnable into said court. At the return term, allegations and interrogatories were filed by the plaintiffs, against Goodwin, which he answered, stating that he had previously executed his note to Gosney for $1100, but whether he was still the owner and holder of the note, or had transferred it to some other person, respondent was not informed, and did not know; he, therefore, denied that he was indebted to Gosney, except as above stated. Upon this answer, the court rendered judgment against him for the amount due upon the judgment of the justice against Gosney, with costs, &c., to which he excepted, and appealed to this court.

There being no personal service of process upon Gosney, and no appearance by him, in the attachment suit, the proceedings and judgment were *in rem*, and of no vitality, except for the condemnation and sale of the property attached. The judgment could not be transferred to the clerk's office for the purpose of constituting a lien upon the realty of the debtor, or of being satisfied by execution or garnishment, out of property or effects other than the goods attached. *Boothe vs. Estes*, 16 *Ark.*

The judgment of the Circuit Court must be set aside, and the cause remanded, with instructions to dismiss it for want of jurisdiction.